**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VERONICA PURCELL,<br><br>Plaintiff,<br><br>v.<br><br>CHICAGO SUN-TIMES LLC, a Delaware LLC, f/k/a CHICAGO SUN-TIMES, INC., and HOLLINGER INTERNATIONAL PUBLISHING, INC., a Delaware corporation,<br><br>Defendants. | ) | Case No. 08 CV 3607<br><br>Judge Darrah<br><br>Magistrate Judge Mason |

**DEFENDANTS' ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants, CHICAGO SUN-TIMES LLC and HOLLINGER INTERNATIONAL PUBLISHING, INC. ("Defendants"), by and through their attorneys, Seyfarth Shaw LLP, for their answer to Plaintiff's Complaint, state as follows:

**JURISDICTION**

**COMPLAINT ¶ NO. 1:**

This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e)-2, 42 U.S.C. § 1981 and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-2, 42 U.S.C. §1981(b), and 29 U.S.C. § 621, providing for declaratory, injunctive, compensatory, punitive, and other relief against employment discrimination based upon race and age.

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action under the statutes listed. Defendants deny each and every other allegation contained in Paragraph 1 of the Complaint.

**COMPLAINT ¶ NO. 2:**

Venue in this district is proper under 28 U.S.C. §1391(B). The Defendants reside or resided in this district and the events giving rise to Plaintiffs' [sic] claims occurred here.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 2 of the Complaint.

**COMPLAINT ¶ NO. 3:**

All conditions precedent to jurisdiction have occurred or been complied with to-wit:

a. A charge of employment discrimination alleging race and age discrimination, was filed with the Equal Employment Opportunity Commission (hereinafter "EEOC") by VERONICA PURCELL (hereinafter "PURCELL") against Defendants CHICAGO SUN-TIMES LLC, f/k/a CHICAGO SUN-TIMES, INC. (hereinafter "SUN-TIMES") and HOLLINGER INTERNATIONAL, INC. (hereinafter "HOLLINGER") on June 5, 2006 with charge number 440-2007-03640, a copy of which is attached hereto as **Exhibit 1**.

b. The EEOC issued a notice of right to sue letter for charge 440-2007-03640 on March 27, 2008, a copy of which is attached hereto as **Exhibit 2**.

**ANSWER:**

Defendants admit that Plaintiff filed a charge with the EEOC alleging race and age discrimination numbered 440-2007-03640 and that the EEOC issued a right to sue letter on March 27, 2008. Defendants deny each and every other allegation contained in Paragraph 3 of the Complaint.

**PARTIES**

**COMPLAINT ¶ NO. 4:**

PURCELL is a citizen of the United States and the State of Illinois. She currently resides in South Holland.

**ANSWER:**

Defendants admit that Plaintiff is a citizen of the United States. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 4.

**COMPLAINT ¶ NO. 5:**

PURCELL was a member of the protected classes, black, age fifty-two (52) when the unlawful employment practices occurred.

**ANSWER:**

Defendants admit that Plaintiff is black and that she was fifty-two when she was terminated. Defendants deny each and every other allegation contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶ NO. 6:**

PURCELL was, at all relevant times, employed by Defendants.

**ANSWER:**

Chicago Sun-Times LLC admits that it employed Plaintiff. Hollinger International Publishing, Inc. denies that it ever employed Plaintiff. Defendants deny each and every other allegation contained in Paragraph 6 of the Complaint.

**COMPLAINT ¶ NO. 7:**

Defendants are qualified to do business in the State of Illinois and are doing business in the State of Illinois.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 7 of the Complaint.

**COMPLAINT ¶ NO. 8:**

Defendants are "employers" as that term is defined under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e(b) and the ADEA, 29 U.S.C. § 630 (B).

**ANSWER:**

Defendants admit the allegations contained in Paragraph 8 of the Complaint.

## BACKGROUND FACTS

**COMPLAINT ¶ NO. 9:**

PURCELL began her employment with Defendants in May 1993 in the Human Resources department.

**ANSWER:**

Defendants admit that Plaintiff began her employment with Chicago Sun-Times LLC, f/k/a Chicago Sun-Times Inc., in May 1993 in the Human Resources department. Defendants deny each and every remaining allegation contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶ NO. 10:**

PURCELL's most recent position at Defendants was Specialty Account Manager.

**ANSWER:**

Defendants admit that Plaintiff's most recent position with Chicago Sun-Times LLC, f/k/a Chicago Sun-Times Inc., was Specialty Account Manager. Defendants deny each and every remaining allegation contained in Paragraph 10 of the Complaint.

**COMPLAINT ¶ NO. 11:**

Throughout her employment with Defendants, PURCELL performed to the Defendants' legitimate expectations.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶ NO. 12:**

PURCELL was terminated from Defendants on June 6, 2006.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 12 of the Complaint. Stating further, Plaintiff was discharged on June 5, 2006.

**COMPLAINT ¶ NO. 13:**

The alleged reason for PURCELL's termination was improper use of her employee discount.

**ANSWER:**

Defendants admit that the reason for Plaintiff's discharge was improper use of her employee discount. Defendants deny each and every other allegation contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶ NO. 14:**

Similarly situated employees outside of PURCELL's protected classes who engaged in the same or similar behavior were retained.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 14 of the Complaint.

**COUNT I – WRONGFUL TERMINATION – TITLE VII and §1981**

**COMPLAINT ¶ NO. 15:**

PURCELL reincorporates and realleges Paragraphs 1 through 14 as though more fully set forth herein.

**ANSWER:**

Defendants incorporate its answers to Paragraphs 1 through 14 above as though fully set forth herein.

**COMPLAINT ¶ NO. 16:**

PURCELL is a member of a protected class, black.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 16 of the Complaint.

**COMPLAINT ¶ NO. 17:**

During the course of PURCELL's employment with Defendants, she performed to their legitimate expectations.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

**COMPLAINT ¶ NO. 18:**

PURCELL was terminated on June 6, 2006.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 18 of the Complaint. Stating further, Plaintiff was discharged on June 5, 2006.

**COMPLAINT ¶ NO. 19:**

Similarly situated employees outside of PURCELL's protected class were treated more favorably.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶ NO. 20:**

By terminating PURCELL and by creating, condoning, and perpetuating an environment by which the terms and conditions of employment differ for members of a protected class, Defendants have intentionally discriminated against PURCELL with malice or with reckless indifference to PURCELL's federally protected rights in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶ NO. 21:**

As a result of the intentional acts complained of herein, PURCELL has suffered and will continue to suffer the loss of employment with Defendants and the loss of salary, bonuses, benefits, and other compensation which such employment entails, and PURCELL has also suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶ NO. 22:**

Plaintiff demands a jury trial.

**ANSWER:**

Defendants admit that Plaintiff demands a jury trial.

**COUNT II – AGE DISCRIMINATION**

**COMPLAINT ¶ NO. 23:**

PURCELL reincorporates and realleges Paragraphs 1 through 14 as though more fully set forth herein.

**ANSWER:**

Defendants incorporate its answers to Paragraphs 1 through 14 above as though fully set forth herein.

**COMPLAINT ¶ NO. 24:**

PURCELL is a member of a protected class, over forty years old.

**ANSWER:**

Defendants admit the allegations contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶ NO. 25:**

During the course of PURCELL's employment by Defendants, she performed to Defendants' legitimate expectations.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶ NO. 26:**

PURCELL's employment was terminated on or about June 6, 2006.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 26 of the Complaint. Stating further, Plaintiff was discharged on June 5, 2006.

**COMPLAINT ¶ NO. 27:**

Similarly situated employees, not in PURCELL's protected class, were treated more favorably.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶ NO. 28:**

Defendants, in violation of the provisions of 29 U.S.C. § 621, §623 et seq., has denied and continues to deny Plaintiff an equal opportunity for employment because of her age.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶ NO. 29:**

When Plaintiff was terminated, she was subjected to age discrimination in that there was a double standard set up between older employees and younger employees not included within the protected class. Plaintiff's younger counterparts were not subjected to discriminatory treatment.

**ANSWER:**

Defendants admit that it did not discriminate against any of its employees. Defendants deny each and every other allegation contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶ NO. 30:**

Defendants knew that the termination of Plaintiff because of her age violated the ADEA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 30 of the Complaint.

**COMPLAINT ¶ NO. 31:**

This is a proceeding for declaratory judgment as to Plaintiff's right of a permanent injunction restraining Defendants from maintaining a policy, practice, usage or custom of discriminating against Plaintiff because of her age with respect to the following: compensation, terms, conditions and privileges of employment and ways that deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of age. This complaint also seeks restitution to Plaintiff for the denial of all of her rights,

privileges, benefits and income that would have been received by her, but for Defendants' unlawful and illegal discriminatory practices.

**ANSWER:**

Defendants admit that Plaintiff seeks a declaratory judgment and further restitution for Defendant's alleged violations of the law. Defendants deny that she is entitled to any such relief and deny each and every other allegation contained in paragraph 31 of the Complaint.

**COMPLAINT ¶ NO. 32:**

Plaintiff has no plain, adequate or complete remedy at law to address the wrongs alleged, and this suit for injunctive relief is her only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' policy, practice, custom and usage as set forth herein, until and unless enjoined by the Court.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶ NO. 33:**

Plaintiff demands a trial by jury.

**ANSWER:**

Defendants admit that Plaintiff demands a jury trial.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. To the extent that Plaintiff has failed to satisfy any of the administrative prerequisites to bringing suit, her claims are barred.

2. To the extent that any of the allegations in Plaintiff's Complaint are beyond the scope of Plaintiff's Charge of Discrimination, they are barred for failure to exhaust administrative remedies.

3. To the extent that Plaintiff has failed to mitigate her damages, she should be barred from any recovery or her recovery should be reduced accordingly.

4. Defendants exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory, and/or retaliatory conduct.

5. Defendants exercised good faith efforts to comply with the law and did not act with malice or reckless indifference to Plaintiff's federally protected rights.

6. Defendants cannot be vicariously liable for discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendants' good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination.

7. To the extent that Count I of Plaintiff's Complaint contains allegations regarding employment actions not prohibited under 42 U.S.C. § 1981, Plaintiff fails to state a claim upon which relief can be granted.

Defendants reserves the right to amend and supplement its Affirmative Defenses after a reasonable opportunity for discovery.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief whatsoever and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be entered for Defendants, and that Defendants be awarded its costs, attorneys' fees, and such other relief as this Court deems appropriate.

**DATED: July 21, 2008**

Respectfully submitted,

CHICAGO SUN-TIMES LLC AND
HOLLINGER INTERNATIONAL
PUBLISHING, INC.

By: /s/ Colin M. Connor
One of Their Attorneys

Kristin Michaels
Colin M. Connor
SEYFARTH SHAW LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

**CERTIFICATE OF SERVICE**

I, Colin M. Connor, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT to be served upon the following counsel of record on July 21, 2008 through the Court's electronic filing system:

Eugene K. Hollander
Paul W. Ryan
The Law Offices of Eugene K. Hollander
33 North Dearborn, Suite 2300
Chicago, IL 60602

/s/ Colin M. Connor