# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VERONICA PURCELL,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>　　v.　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　)<br>CHICAGO SUN-TIMES LLC, a Delaware　)<br>LLC, f/k/a CHICAGO SUN-TIMES, INC., and )<br>HOLLINGER INTERNATIONAL　　　　)<br>PUBLISHING, INC., a Delaware corporation, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　Defendants. | Case No. 08 CV 3607<br><br>Judge Darrah<br><br>Magistrate Judge Mason |

## JOINT STATUS REPORT

In accordance with Fed. R. Civ. P. 26(f) and in anticipation of the initial status hearing set for September 11, 2008 at 9:00 a.m., Plaintiff VERONICA PURCELL and Defendants CHICAGO SUN-TIMES LLC and HOLLINGER INTERNATIONAL PUBLISHING, INC., by their attorneys, submit the following joint status report:

1. <u>Date and Place of the meeting and identification of the parties and their attorneys</u>

    a.　The meeting was held on July 29, 2008 at 3:00 p.m., by telephone.

    b.　<u>Plaintiff's Attorneys</u>:

    　　Eugene K. Hollander
    　　Paul W. Ryan,
    　　The Law Offices of Eugene K. Hollander
    　　33 North Dearborn, Suite 2300
    　　Chicago, IL 60602
    　　T: 312.425.9100
    　　ehollander@ekhlaw.com
    　　pryan@ekhlaw.com

      c.    <u>Defendants' Attorneys</u>:

          Kristin E. Michaels
          Colin M. Connor
          Seyfarth Shaw LLP
          131 South Dearborn Street
          Suite 2400
          Chicago, Illinois 60603
          (312) 460-5000 – Telephone
          (312) 460-7000 – Facsimile
          kmichaels@seyfarth.com
          cconnor@seyfarth.com

2. <u>Description of the case</u>:

   a.    Plaintiff asserts two causes of action against Defendants, one arising under the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e)-2 ("Title VII") and 42 U.S.C. § 1981 ("§ 1981"), and the other arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq ("ADEA").  Defendants deny that they discriminated against Plaintiff in any way, including under Title VII, §1981, or the ADEA.

   b.    Plaintiff, a Black individual, was employed with Chicago Sun-Times LLC until she was terminated on about June 5, 2006.  Plaintiff was fifty-two years old when she was terminated.  Plaintiff claims that Defendants, by terminating Plaintiff's employment, unlawfully discriminated against her in violation of Title VII, § 1981, and the ADEA.  Defendants deny that Plaintiff was treated differently or less favorably than any other similarly situated employee and deny that they discriminated against Plaintiff in any way.

   c.    Plaintiff claims that she is entitled to a declaratory judgment against Defendants, a permanent injunction to enjoin alleged unlawful practices, return to her former job, make whole relief for all earnings, wages, including prejudgment interest and other benefits she would have received, liquidated damages for Defendants' allegedly willful conduct, and compensatory and punitive damages.  She also seeks attorneys' fees and costs.  Defendants deny Plaintiff is entitled to any damages, attorneys' fees or costs.

3. <u>Pleadings</u>

   a.    Plaintiff's Complaint and Defendant's Answer to Complaint have been filed.

   b.    Jury trial is available, and the Plaintiff has timely demanded a jury trial.

4.    Discovery Plan

    a.    The parties will exchange initial Rule 26(a)(1) disclosures by August 26, 2008.

    b.    The parties request that expert discovery regarding alleged damages proceed after this Court has considered and ruled on dispositive motions.

    c.    The parties do not anticipate issues relating to the discovery or disclosure of electronically-stored information.

    d.    The parties do not anticipate issues relating to privilege, but will provide a privilege log for documents withheld on the basis of privilege.

    e.    The parties will jointly move for a protective order to protect any confidential material.

    f.    The parties do not propose any limitations on discovery beyond those imposed by the Federal Rules of Procedure or the Local Rules.

    g.    Each party shall be permitted to take 10 depositions, excluding expert depositions, and subject to further discovery with agreement of counsel.

5.    Close of Fact Discovery and Dispositive Motions

    a.    The parties agree that all fact discovery shall be completed by February 11, 2009.

    b.    All dispositive motions shall be served and filed by March 6, 2009.

Dated: July 31, 2008

/s/ Colin M. Connor
Kristin E. Michaels
Colin M. Connor
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
Attorneys for Defendants

/s/ Paul W. Ryan
Eugene K. Hollander
Paul W. Ryan,
The Law Offices of Eugene K. Hollander
33 North Dearborn, Suite 2300
Chicago, IL 60602
Attorneys for Plaintiff

3

CH1 11531632.1